THE STATE, JOHN V. H. VAN CLEEF, ET AL., PROSECU-TORS, v. THE COMMISSIONERS OF STREETS AND SEW-ERS IN THE CITY OF NEW BRUNSWICK.

1. The court will not usually, on motion, dismiss a *certiorari* which has been allowed in open court, and *ex parte,* on grounds which were before the court, and which must have been considered in allowing the writ, but will, in its discretion, retain the writ until final hearing.
2. Whether the provisions of an act of the legislature limiting the time within which a writ of *certiorari* shall be allowed or granted to review an assessment made under such act, will prevent this court, after the period so limited, from allowing a *certiorari* to determine the constitutionality of the act, or the portion of it under which the assessment was made, and the relation of the limitation to such act, may be disposed of on the hearing, if the facts present the question.
3. The record before the court fails to show that the fact has transpired upon which the time was to begin to run.

On *certiorari.*

Argued at November Term, 1875, before Justices SCUDDER and KNAPP.

For the motion, *A. V. Schenck.*

The opinion of the court was delivered by

KNAPP, J.    Application is made on behalf of the defend-ant in *certiorari* to dismiss the writs in these cases, because their issue, it is claimed, was prohibited by the provisions of the twenty-eighth section of the act entitled " An act appoint-ing commissioners of streets and sewers in the city of New Brunswick," passed March 23d, 1871. *Pamph. L.* 795. The provision is as follows :   " No writ of *certiorari* shall be allowed or granted to set aside any assessment for any im-provement made under this act after six months shall have expired from the time of entering such assessment," &c.   The point urged by the defendants is, that the writs, having issued to review an assessment for an improvement made under the

act, after the expiration of the time limited in the act for its allowance, is void, and should be dismissed as improvidently issued.

The writs were allowed in open court on *ex parte* application. The act in question, and the facts upon which the argument proceeded, were before the court when the writs were allowed ; the return to the writs placed no new matter before the court. The writs were issued in the exercise of the discretion of the court, and they continue subject to the same discretion until the causes are finally heard and decided. The questions of the constitutional invalidity of the act, or of that portion of it under which the assessment was made, and the relation of the limitation to such portion, and whether binding or not, so far as they were necessary to be looked into and considered in deciding whether the writs could and should issue to bring up the proceeding objected to for adjudication, were before the court, and passed upon, in allowing the writs. And, as no new reasons appear why the court should reconsider their action allowing the writs, and now dismiss them, we think they should be retained, and the parties be allowed a hearing on all the questions involved in the causes. The power of the court to dismiss the writ of *certiorari* at any time is unquestionable ; whether it will do so on motion for that purpose, is matter of discretion.

To decide on this motion all the questions debated by counsel, is neither necessary or proper ; to do so would be to settle the whole case. The writs being retained, those questions remain to be determined by the court on final hearing, when the whole case can be heard and disposed of.

If we were now called upon to consider the effect to be given to the clause of limitation in question, we are not prepared to say that it manifests an intent on the part of the legislature to limit the inherent power of this court to inquire into and decide upon the constitutionality of a legislative enactment, nor that it would be within the range of legislative powers so to do. It may very fairly be held to apply only to such proceedings as might be had under provisions of the

law which are valid to support them ; and that, as to all such provisions of the act as are within constitutional inhibition, if such there are, the limitation, being special, can be no stronger than the provision to which it applies and which supports it.

It has been stated as a rule that all provisions of an act which are dependent, conditional, or connected so as to warrant the belief that the legislature intended them as a whole, stand or fall together under the test of the constitutionality of any such provision. *Cooley on Const. Lim.* 178, *and cases cited; Warren v. Mayor, &c., of Charlestown, 2 Gray* 99.

It would seem to be reasonable that, where an essential part of an act is unconstitutional, and fails for that reason, all other parts of the act which depend upon it for force and effect, must necessarily meet the same result. And, under this rule, it may be held to follow that if the provision for making the assessment in question is a void one, the limitation in the same act, so far as it relates to such provision and the proceedings under it, is void also. But whether so or not, are questions for discussion and decision on the final hearing of the cause. Whatever view might now be taken of the force and effect of the clause of limitation, the motion to dismiss is not sustainable, because it does not appear by the record before us that the event has transpired upon which the time was to begin to run. The limitation is to a period within six months from and after the entry of the assessment in the books of the commission. The act provides for such entry, and it nowhere appears in the cases before us when such entry was made, or that any entry was made as directed by the act.

The motion to dismiss must be denied, with costs.